UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:15-CR-016 |
| | ) | |
| v. | ) | Violation: 15 U.S.C. § 1 |
| | ) | |
| MINEBEA CO., LTD., | ) | |
| | ) | HON. TIMOTHY S. BLACK |
| | ) | |
| Defendant. | ) | |

**SENTENCING MEMORANDUM OF THE UNITED STATES**

Minebea Co., Ltd. ("the Defendant") is scheduled to appear before this Court for an initial hearing, change of plea hearing, and sentencing on April 22, 2015, at 10:00 a.m. The Defendant is charged with a violation of the Sherman Act, 15 U.S.C. § 1. The United States submits this Sentencing Memorandum to provide the Court with sufficient information that it may meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without preparation of a presentence report in this matter. The United States and the Defendant have waived the preparation of a presentence investigation and report in this matter. *See* Doc 9.

Pursuant to Paragraph 9 of the Plea Agreement, the United States and the Defendant jointly recommend that the Court sentence the Defendant to pay to the United States a $13.5 million criminal fine, payable in full before the fifteenth (15th) day after the date of judgment, and no order of restitution. This is a joint recommendation under Federal Rule of Criminal Procedure 11(c)(1)(C). There are no objections to the recommendation.

**I.      BACKGROUND OF THE OFFENSE**

During the period charged in the Information, from at least as early as early-to-mid 2008 and continuing until at least October 2011, the Defendant was a corporation organized and

1

existing under the laws of Japan, with its principal place of business in Nagano, Japan, and subsidiaries in the United States in California and New Hampshire.  During the charging period, the Defendant caused small sized ball bearings to be sold in the United States and elsewhere.  Small sized ball bearings are those ball bearings whose outer diameter is 26 millimeters or less.  Small sized ball bearings are widely used in industry in numerous applications for many products, including but not limited to medical devices, household appliances, office equipment, power tools, and ATM machines.  Ball bearings reduce friction and help things roll smoothly past one another; they "bear" the load.

During the charging period, the Defendant participated in a conspiracy with other persons and another company engaged in the manufacture and sale of small sized ball bearings, the primary purpose of which was to fix, raise, and maintain the prices of small sized ball bearings sold in the United States and elsewhere.  In furtherance of the conspiracy, the defendant, through its managers and employees, engaged in discussions and met with representatives of another small sized ball bearings manufacturer.  The defendant and its corporate coconspirator reached an agreement to fix, raise, and maintain the prices of small sized ball bearings sold in the United States and elsewhere.  The Defendant has signed a plea agreement with the United States and has cooperated in the investigation.

## II.     UNITED STATES' FINE METHODOLOGY

The jointly recommended criminal fine was calculated using sales figures submitted to the United States by the Defendant.  Based upon the sales figures submitted by the Defendant, the United States calculates the volume of commerce under U.S.S.G. § 2R1.1(d) to total at least $41 million. The affected volume of commerce consists of sales in the United States by the Defendant from June 1, 2008 through October 20, 2011.  June 1, 2008, is the date that the Defendant directed that the prices of its small sized ball bearings sold in the U.S. be increased in

accord with the price fixing agreement it had reached with its corporate conspirator in Japan. October 20, 2011, is the date that the Defendant's coconspirator reported the conduct to the government and the conspiracy ended.

### A. Sentencing Guidelines Calculation

The controlling Guideline applicable to the count charged is U.S.S.G. § 2R1.1(d)(1), pursuant to which the base fine is 20% of the approximately $41 million in affected commerce, or approximately $8.2 million.

The base culpability score is 5. *See* U.S.S.G. § 8C2.5(a). The Defendant is a corporation with more than 5,000 employees, and the offense involved certain high-level personnel of the Defendant, which adjusts the culpability score upward by 5 points. *See* U.S.S.G. § 8C2.5(b)(1)(A)(i). The Defendant cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct, which adjusts the culpability score downward by 2 points. *See* U.S.S.G. § 8C2.5(g)(2). The resulting total culpability score is 8, which corresponds to a minimum multiplier of 1.60 and a maximum multiplier of 3.20. *See* U.S.S.G. § 8C2.6.

Applying the multipliers to the base fine of $8.2 million yields a Guidelines fine range of $13.12 million to $26.24 million. *See* U.S.S.G. § 8C2.7.

### B. Recommended Fine

The United States and the Defendant have agreed that a fine of $13.5 million is an appropriate sentence in this matter. In arriving at this figure, the United States took into account the Defendant's substantial assistance and cooperation in the United States' investigation into small sized ball bearings, as well as the Defendant's promise of future assistance and cooperation if necessary.

    **C.**    **Restitution Not Recommended**

Pursuant to 18 U.S.C. § 3663, restitution is not mandatory for violations of 15 U.S.C. § 1, and in light of the availability of civil causes of action, 15 U.S.C. § 15, which potentially provide for a recovery of a multiple of actual damages, the United States and the Defendant do not recommend that the sentence include a restitution order.

**III.**    **CONCLUSION**

For these reasons, the United States recommends that the Court impose a sentence requiring the Defendant to pay a fine of $13.5 million, payable within 15 days of judgment, and no order of restitution.

Dated:  April 13, 2015

        Respectfully submitted,

        s/Jason C. Turner
        Jason C. Turner
        Jason.turner@usdoj.gov
        Carla M. Stern
        Carla.stern@usdoj.gov

        Attorneys, Antitrust Division
        U.S. Department of Justice
        Chicago Office
        209 S. LaSalle Street
        Suite 600
        Chicago, Illinois 60604
        (312) 984-7200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:15-CR-016 |
| | ) | |
| v. | ) | Violation: 15 U.S.C. § 1 |
| | ) | |
| MINEBEA CO., LTD., | ) | |
| | ) | HON. TIMOTHY S. BLACK |
| | ) | |
| Defendant. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James W. Cooper:  James.W.Cooper@aporter.com
Wilson D. Mudge:  Wilson.Mudge@aporter.com
Laura Cofer Taylor:  Laura.Taylor@aporter.com


Respectfully submitted,


s/Jason C. Turner
Jason C. Turner
Jason.turner@usdoj.gov
Carla M. Stern
Carla.stern@usdoj.gov

Attorneys, Antitrust Division
U.S. Department of Justice
Chicago Office
209 S. LaSalle Street
Suite 600
Chicago, Illinois 60604
(312) 984-7200